IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNIE BURTON, | |
| Plaintiff, | |
| v. | No. 1:24-CV-00295 |
| | Judge Franklin U. Valderrama |
| OAK POINT UNIVERSITY, *et al.*, | |
| Defendants. | |

## ORDER

Plaintiff Annie Burton (Burton), *pro se*, sued Oak Point University (University), Marilyn Pagan (Pagan)[1], Eric Hernandez (Hernandez), Thomas Gamble (Gamble), and Theresa Scanlan (Scanlan and collectively with Hernandez and Gamble, the "Individual Defendants;" and the Individual Defendants collectively with the University, "Defendants") asserting claims under 42 U.S.C. §§ 1983, 1985, and 1986. R.[2] 1, Compl.[3] ¶¶ 5–6. The Defendants move to dismiss Burton's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). R.13, Mot. Dismiss. For the reasons that follow, the Court grants Defendants' Motion to Dismiss with leave to amend.

## Background

Burton, proceeding *pro se*, filed a form Complaint on February 12, 2024[4], alleging that she was subject to bullying, intimidation, assault, and age and racial discrimination, among other things. Compl. ¶ 6. While Burton sued the University, the Complaint fails to allege not only her relationship with the University, but her relationship with the Individual Defendants as well. The Defendants moved to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure as well as for failure to plausibly state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Before the Court is

---

[1] Pagan has not filed an appearance at the time of this Order.
[2] Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.
[3] The Court notes that Burton filed the exact same complaint on the docket twice. *See* R. 10.
[4] The date Burton provides for the occurrence of the alleged civil rights violations is November 1, 2024, a date that has not yet occurred. Compl. ¶ 6. The Court assumes that Plaintiff has stated an incorrect date, and instead assumes the date to be November 1, 2023.

Defendants' fully briefed Motion to Dismiss. Mot. Dismiss.; *see* R. 19, Resp.; R. 20, Reply.

## Legal Standard

A Rule 12(b)(1) motion tests whether the court has subject matter jurisdiction. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). In order to survive a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing that subject matter jurisdiction exists. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014). When deciding a facial challenge to subject matter jurisdiction—that is, when the defendant argues that the plaintiff's allegations as to jurisdiction are inadequate—"the district court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). But district courts may also "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether *in fact* subject matter jurisdiction exists." *Taylor*, 875 F.3d at 853 (citing *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009)). In that case, "no presumptive truthfulness attaches to plaintiff's allegations," and the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Apex Digit.*, 572 F.3 at 444 (cleaned up)[5].

A Rule 12(b)(6) motion to dismiss challenges the sufficiency of the complaint. *Hallinan*, 570 F.3d at 820. Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

"When a motion to dismiss is based on a lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), as well as other Rule 12(b)(6) defenses, the court should consider the Rule 12(b)(1) challenge first." *Rizzi v. Calumet City,* 11 F. Supp. 2d 994, 995 (N.D. Ill. 1998) (cleaned up). If the court dismisses the plaintiff's complaint for lack of subject matter jurisdiction, the accompanying Rule 12(b)(6) motion becomes moot and need not be addressed. *Id.*

---

[5]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

Pleadings drafted by *pro se* litigants are not held to the stringent standards expected of those prepared by lawyers, so the allegations in the complaint must be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (cleaned up); *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) (finding that the pro se plaintiff's "pleadings deserve liberal construction."). That said, even *pro se* litigants must comply with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

## Analysis

For their Rule 12(b)(1) motion, Defendants argue that the Court, more or less, lacks jurisdiction because Burton fails to allege any governmental conduct and therefore, her claims under Sections 1983, 1985 and 1986 fail. Mot. Dismiss. And the Complaint should be dismissed entirely. *Id*. The Court agrees with Defendants.

### I. Plaintiff Fails to Establish Federal Jurisdiction

The first inquiry of any case is whether a court has jurisdiction. Federal district courts are courts of limited jurisdiction, possessing only the power authorized by Article III of the Constitution and statutes enacted by Congress. *Transit Express Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). When a plaintiff brings a federal suit, he or she bears the burden of establishing that the court has subject matter jurisdiction. *Id*. Similarly, "federal courts at all levels must assure themselves of their subject-matter jurisdiction," and "if a court lacks subject-matter jurisdiction, a ruling it issues on the merits is void." *Mathis v. Metro. Life Ins.*, 12 F.4th 658, 663–64 (7th Cir. 2021) (cleaned up).

Defendants challenge whether the Court has jurisdiction under Sections 1983, 1985 and 1986. The Court addresses its jurisdiction under each statute in turn.

#### A. No Jurisdiction Over Section 1983

First, Defendants argue that Burton's claim under Section 1983 fails because Section 1983 governs government action, not private conduct, and the University is a private institution.[6] Mot. Dismiss at 4. In an attempt to anticipate Burton's response, Defendants posit that receiving federal and state funds is not enough by itself to transform a private entity into a "state actor." *Id*. at 4–5. Burton responds

---

[6]Defendants argue that Burton lacks standing under 42 U.S.C. § 1983. Mot. Dismiss at 4. However, Defendants do not actually challenge standing but the propriety of Burton's Section 1983 claim entirely. Mot. Dismiss at 4–7. Therefore, the Court construes Defendants' argument to be that a Section 1983 claim is improper here.

3

that the Court does in fact have jurisdiction because courts have recognized that substantial government funding can create the nexus required to establish state action by a private institution. Resp. at 2, 11.

Section 1983 provides that a person may not be deprived of any constitutional right by an individual acting under the color of state law. 42 U.S.C §1983. To state a claim under Section 1983, Burton must plausibly allege that she was deprived of a constitutional right or a right secured by federal law, and that the alleged deprivation was committed *under color of state law*. *See Padula v. Leimbach*, 656 F.3d 595, 600 (7th Cir. 2011) (emphasis added). The person acting under color of state law must be fairly characterized as a state actor, either a state official or, if a private actor, his or her conduct must be "fairly attributable of the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). A private party will be held responsible as a state actor if the state effectively directs or controls the actions of the private party such that the state can be held responsible for the private party's decision or when the state delegates a public function to a private party. *Payton v. Rush-Presbyterian-St. Lukes' Medical Center*, 184 F.3d 623, 628 (7th Cir. 1999). The court must consider the totality of the circumstances when a private entity is charged with acting under the "color of law." *Skinner v. Railway Labor Executives' Assoc.,* 489 U.S. 602, 614–15 (1989).

Defendants are correct—Burton's Section 1983 claim fails because Burton fails to plausibly allege that the University is a state actor. As Defendants point out and Burton acknowledges, the University is a private institution. *See* Compl. ¶ 4; Mot. Dismiss at 4–5. Since the University is not a state actor, Burton must demonstrate that the state effectively controls the University's actions in order to survive a motion to dismiss for lack of jurisdiction. *See Payton*, 184 F.3d at 628. Relevant here is that the Supreme Court has expressly provided that a privately operated school's receipt of public funds does not make the school's operations and decisions actions of the state. *Rendell-Baker*, 457 U.S. 830, 840 (1982). Therefore, the protections of the Fourteenth Amendment and other Constitutional provisions do not apply to it. *See id.* at 838.

Burton's point regarding the University's receipt of both federal and state funds simply falls flat as participation alone is not enough to make a private actor that of a public one. *See id*. at 840. Courts have recognized that substantial governmental funding, asserts Burton, might create the nexus required to establish state action. Resp. at 2. Unfortunately, Burton's argument is underdeveloped. For instance, Burton has failed to explain how this particular school's governmental funding converts it into a state actor. Simply saying that the Defendants' argument is 'overly simplistic' without adding anything more to her argument does not cut it. Since Burton does not cite any authority that directly supports her argument, the Court will not make arguments for her. *See Vaughn v. King*, 167 F.3d 347, 354 (7th Cir. 1999) ("It is not the responsibility of this court to make arguments for the parties."). This argument is thereby waived.

The same can be said for the Individual Defendants. As best as the Court can surmise, the Individual Defendants are employees of the University. As explained, a claim may be brought under Section 1983 if it can be alleged that a defendant deprived a plaintiff of constitutional rights under the color of state law. *Padula*, 656 F.3d at 600. However, the Individual Defendants cannot be identified generally, but even if the Court could, the Court cannot find the Individual Defendants as acting under a color of state because, as stated before, the University is a private institution. Therefore, Burton did not allege or explain how the University was acting under color of state.

The law is clear. Burton cannot bring a 42 U.S.C. § 1983 claim against Defendants, thereby relieving the Court of jurisdiction over her claims.[7]

### B. No Jurisdiction Over Sections 1985 and 1986

Although Defendants spill much ink addressing the invalidity of Burton's claims under Sections 1985 and 1986, the Court need not address those alternative arguments, because Burton's Sections 1985 and 1986 claims fail for the same reason that her Section 1983 claim fails—the absence of state action.

Section 1985 prohibits two or more parties from conspiring to deprive a person of equal protection with knowledge of wrongs conspired to be done in violation of Section 1985(3), and with the power to prevent their commission, and holds these parties liable for all resulting damages which reasonably could have been prevented. *Grimes v. Smith*, 776 F.2d 1359, 1363 (7th Cir. 1985). Section 1985(3) serves to permit recovery from a private actor who has conspired with state actors. *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009). In order to prove a private conspiracy under Section 1985(3), a plaintiff must show, *inter alia*, (1) that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action . . . and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–268 (1993) (cleaned up). To state a claim under Section 1985(3), a plaintiff must allege that "the state was somehow involved in or affected by the conspiracy." *Carpenters v. Scott*, 463 U.S. 825, 833 (1983).

Relatedly, to state a claim under Section 1986, which provides a cause of action against a person who fails to prevent a violation of Section 1985's prohibition against engaging in a conspiracy to deprive a person of equal protection of the laws, a plaintiff

---

[7]Burton raises for the first time in reply new claims against Defendants, specifically retaliation under Title VI. Besides the fact that Burton introduces no plausible facts supporting such a claim, "it is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss, and Plaintiffs cannot shore up the defects in the amended complaint by adding new 'facts' to the background section of its response brief." *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) (cleaned up). With that, the Court will not consider Burton's Title VI claims.

5

must plausibly allege that defendant (1) had knowledge that any of the conspiratorial wrongs were about to be committed, (2) had power to prevent or to aid in preventing the commission of those wrongs, and (3) neglected to do so, where (4) the wrongful acts were committed, and (5) the wrongful acts could have been prevent by reasonable diligence. 42 U.S.C. §§ 1985, 1986. As a consequence, liability under Section 1986 is a derivative of Section 1985(3). *Grimes,* 776 F.2d at 1363 fn. 4 ("In addition, liability under § 1986 is derivative of § 1985(3) liability; without a violation of § 1985(3), there can be no violation of § 1986." (citing *Rodgers v. Lincoln Towing Service, Inc.,* 771 F.2d 194, 203 (7th Cir.1985); *D'Amato v. Wisconsin Gas Co.,* 760 F.2d 1474, 1485 n. 16 (7th Cir.1985))).

In the absence of state action, Burton's Section 1985 claim cannot proceed. Again, the University is a private actor and Burton has not plausibly alleged that the University, or any of the Individual Employees for that matter, are state actors in this instance. Case law holds that a Section 1986 claim must be dismissed if a Section 1985 claim is not found. *Grimes,* 776 F.2d at 1363 fn. 4. Because Section 1985 requires state action, which this Court has found does not exists here, and Section 1986 is a derivative of Section 1985(3), the Court finds that these claims also fail.

## II.     The Court Will Not Hear Pendent Jurisdiction Claims

Defendants urge the Court not to exercise pendent jurisdiction over any of Burton's state claims. Mot. Dismiss at 7. The way Defendants see it, when a plaintiff's basis for federal jurisdiction has been dismissed, the court will also dismiss pendant state claims. *Id.* (citing *Horner v. Board of Education of School District No. 206*, 1992 WL 229806 (N.D. Ill. Sept. 9, 1992)). Burton does not respond to this argument, thereby waiving any arguments thereafter. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). No matter, as the Court agrees with Defendants.

Section 1367 grants federal courts pendant jurisdiction over state law claims. 28 U.S.C. §1367. However, a district court "may decline to exercise supplemental jurisdiction over" state law claims if the court has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367. Here, the Court has determined that Burton failed to establish jurisdiction under Sections 1983, 1985 or 1986.  To the extent that Burton asserts common law state claims, the Court declines to exercise supplemental jurisdiction over these claims. Accordingly, Burton's state claims are dismissed without prejudice.

## Conclusion

For the reasons discussed above, the Motion to Dismiss [13] is granted. The Seventh Circuit has instructed that "district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears the *pro se* litigant would be able to state a claim." *Kiebala*

6

*v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019). Therefore, the dismissal is without prejudice.

On or before July 30, 2024 Burton may file an amended complaint.

DATED: July 9, 2024

_____
United States District Judge
Franklin U. Valderrama

7