IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNIE BURTON,<br><br>Plaintiff,<br><br>v.<br><br>OAK POINT UNIVERSITY, *et al.*,<br><br>Defendants. | No. 1:24-cv-00295<br>Judge Franklin U. Valderrama |

## ORDER

Plaintiff Annie Burton (Burton), *pro se*, sued Oak Point University, Eric Hernandez, Thomas Gamble, and Theresa Scanlan (collectively, the Oak Point Defendants), as well as Marilyn Pagan (Pagan), asserting claims under 42 U.S.C. §§ 1983, 1985, and 1986. R. 1, Compl.[1] The Court granted the Oak Point Defendants' motion to dismiss for lack of subject matter jurisdiction, but allowed Burton to amend her complaint. R. 21, Order. After settling with the Oak Point Defendants, Burton filed an Amended Complaint against Lewis University, David Livingston, Christian Sindt, and Norah Collins Pienta (collectively, the Lewis Defendants), in addition to Pagan.[2] The Lewis Defendants move to dismiss Burton's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). R. 68, Mot.

[1]Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.

[2]It does not appear that Pagan has been served with any version of the Complaint. On August 30, 2026, the Court directed Burton to serve Pagan on or before September 11, 2026 or Pagan would be dismissed from the lawsuit for failure to serve under Federal Rule of Civil Procedure 4(m). R. 81.

Dismiss. For the reasons that follow, the Court grants the Lewis Defendants' motion to dismiss in part and denies it in part.

## Background

### I. Procedural History

Burton, proceeding *pro se*, filed a form Complaint against the Oak Point Defendants and Pagan on February 12, 2024, alleging that she was subject to bullying, intimidation, assault, and age and racial discrimination, among other things. Compl. ¶ 6. The Oak Point Defendants moved for dismissal under Rules 12(b)(1) and 12(b)(6), arguing in relevant part that the Court lacked subject matter jurisdiction over Burton's 42 U.S.C. §§ 1983, 1985, and 1986 claims. R. 11. The Court agreed, and entered an order dismissing Burton's Complaint for lack of subject matter jurisdiction on July 9, 2024. Order.

The Court subsequently recruited counsel for Burton, and Burton settled with the Oak Point Defendants. *See* R. 34; R. 53. The Court then granted Burton's recruited counsel's motion to withdraw and allowed Burton to file a *pro se* Amended Complaint naming Lewis University and Pagan as Defendants. R. 58. The Court declined to recruit new counsel for Burton. *Id.* The Court also advised Burton that "any amended complaint must take into account the Court's reasoning in its Order granting the motion to dismiss her original complaint." *Id.*

Burton, proceeding *pro se*, subsequently filed the Amended Complaint against the Lewis Defendants and Pagan. R. 59, Am. Compl. The Amended Complaint includes the following claims: Americans with Disabilities Act (ADA), 42 U.S.C.

§ 12101 *et seq.*; Rehabilitation Act of 1973, 29 U.S.C. § 794; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*; Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*; Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g; Higher Education Act of 1965, 20 U.S.C. § 1001 *et seq.*; Age Discrimination Act of 1975, 42 U.S.C. § 6101 *et seq*.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1983, Deprivation of Civil Rights; 42 U.S.C. § 1985, Conspiracy to Violate Civil Rights; 42 U.S.C. § 1986, Failure to Prevent Civil Rights Violations; 18 U.S.C. § 1503, Obstruction of Justice; 18 U.S.C. § 371, Conspiracy. *Id.*

## II. Factual Allegations

Burton alleges that she is a former student at Lewis University, which she alleges is "a private educational institution, participating in a government teach-out program." Am. Compl. at 1, ¶ 4. The Amended Complaint identifies Livingston as Lewis University's President, Sindt as its Provost, and Collins Pienta as its Dean of Students/Assistant Vice President for Student Life. *Id.* at 1.

According to Burton, Pagan, a nursing student, "engaged in harassment and intimidation against" Burton. Am. Compl. ¶ 5. Burton also alleges that beginning on June 5, 2024, Lewis University employee Guilliaume Ngonmeudje (Ngonmeudje) allegedly committed battery by violently snatching a schedule from Burton's injured hand during clinicals, exacerbating a pre-existing condition. *Id.* ¶ 9. Following this, Burton reported the incident and requested accommodations from the Disability Services Office. *Id.* ¶ 10. Instead of granting accommodations or investigating, the

Lewis Defendants allegedly retaliated by denying accommodations and creating a hostile learning environment. *Id.*

Furthermore, Burton alleges that Ngonmeudje unlawfully disclosed Burton's grades and performance details in a public setting, violating FERPA. Am. Compl. ¶ 11. Burton subsequently filed a complaint regarding the disclosure with the U.S. Department of Education's FERPA Office on or about July 3, 2024. *Id.* ¶ 6. Burton alleges that the Lewis Defendants retaliated by obstructing access to take scheduled exams—including those set for June 28 and July 2, 2024—and creating artificial barriers that prevented class attendance and the appeal of grade decisions. *Id.* at ¶ 7.

Before the Court is the Lewis Defendants' fully briefed motion to dismiss the Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6). Mot. Dismiss. As part of their motion, the Lewis Defendants seek sanctions against Burton pursuant to Federal Rule of Civil Procedure 11.[3] R. 69, Memo. Dismiss at 3. In her response, Burton again requests that the Court recruit new counsel for her.[4] R. 72, Second Resp. at 4–5.[5]

## Legal Standards

A Rule 12(b)(1) motion tests whether the court has subject matter jurisdiction. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811,

[3]The Court denied Burton's motion for sanctions against the Lewis Defendants on August 30, 2026. R. 80.

[4]The Court addresses this request in a separate Minute Entry.

[5]Burton has filed two responses, which the Court allowed, as it denied her motion to recruit counsel that was raised in her first response. R. 71.

820 (7th Cir. 2009). In order to survive a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing that subject matter jurisdiction exists. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014). When deciding a facial challenge to subject matter jurisdiction—that is, when the defendant argues that the plaintiff's allegations as to jurisdiction are inadequate—"the district court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). But district courts may also "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether *in fact* subject matter jurisdiction exists." *Taylor*, 875 F.3d at 853 (citing *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009)). In that case, "no presumptive truthfulness attaches to plaintiff's allegations," and the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Apex Digit.*, 572 F.3 at 444 (cleaned up)[6].

A Rule 12(b)(6) motion to dismiss, on the other hand, challenges the sufficiency of the complaint. *Hallinan*, 570 F.3d at 820. Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing*

[6]This order uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Pleadings drafted by *pro se* litigants are not held to the stringent standards expected of those prepared by lawyers, so the allegations in the complaint must be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (cleaned up); *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) (finding that the *pro se* plaintiff's "pleadings deserve liberal construction."). That said, even *pro se* litigants must comply with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

**Analysis**

The Court addresses each claim alleged by Burton in turn, starting, with the Lewis Defendants arguments relating to the lack of subject matter jurisdiction. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (holding that a court "may not rule on the merits of a case without first determining

that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).").

## I. 42 U.S.C. §§ 1983, 1985, and 1986

As the Lewis Defendants point out in their memorandum, the Court already dismissed Burton's similar claims under Sections 1983, 1985, and 1986 against the Oak Point Defendants for lack of subject matter jurisdiction. Memo. Dismiss at 4–5 (citing Order). As the Court found in its Order granting the Oak Point Defendants' motion to dismiss, a plaintiff may only bring causes of action under the foregoing statutes against individuals or entities acting under color of state law. Order at 4–5. (citing *Padula v. Leimbach*, 656 F.3d 595, 600 (7th Cir. 2011)). "The person acting under color of state law must be fairly characterized as a state actor, either a state official or, if a private actor, his or her conduct must be 'fairly attributable of the State.'" *Id.* (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)). Here, the Amended Complaint alleges that Lewis University is a "private educational institution." Am. Compl. ¶ 4.

In response, Burton alleges that Lewis University participated "in a government teach-out program" under 34 CFR § 600.2 and 20 U.S.C. § 1001. Second Resp. at 8–9.[7] *Id.* In executing the teach out plan, Lewis University, posits Burton,

[7]In reply, the Lewis Defendants accurately contend that the Amended Complaint did not allege that Lewis University was part of a governmental "teach-out" agreement or had Title IV responsibilities. R. 74, Reply at 5. The Seventh Circuit has held that "district courts retain discretion to interpret new factual allegations or claims presented in a plaintiff's briefs as a constructive motion to amend." *See Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 489 (7th Cir. 2023); *see also Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997) ("[F]acts alleged in a brief in opposition to a motion to dismiss . . . as well as factual allegations contained in other court filings of a *pro se* plaintiff may be considered when evaluating the sufficiency of

"exercised federal and state-delegated functions establishing joint participation and state action" because it: "[i]mplemented a federally supervised *teach-out* plan; Delivered clinical education in public hospitals; [a]ssumed Oak Point's Title IV duties; [r]eceived federal funding and exercised State-delegated accreditation responsibilities; [and i]nteracted with public agencies (IDFPR, Department of Education, OCR)." *Id.* at 2 (emphasis in original) (citing *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721–26 (1961); *Lugar*, 457 U.S. at 939).

Burton is correct that private entities who jointly participate in constitutionally prohibited conduct may be characterized as "state actors." *See Lugar*, 457 U.S. at 939. And, as the Court stated in its earlier Order, a private party will be held responsible as a state actor if the state effectively directs or controls the actions of the private party such that the state can be held responsible for the private party's decision or when the state delegates a public function to a private party. *Payton v. Rush-Presbyterian-St. Lukes' Medical Center*, 184 F.3d 623, 628 (7th Cir. 1999). The court must consider the totality of the circumstances when a private entity is charged with acting under the "color of law." *Skinner v. Railway Labor Executives' Assoc.*, 489 U.S. 602, 614–15 (1989).

As the Lewis Defendants point out in reply, Burton fails to explain how—and the cases she cites do not stand for the proposition that—a private university that has certain duties under federal statutes, like Title IV, is a state actor. R. 74, Reply

---

a complaint so long as they are consistent with the allegations of the complaint."). True, Burton did not request leave to amend in her response; however, given Burton's *pro se* status and given that this case has been at the pleading stage for several years, the Court considers these allegations at this time.

at 5. Indeed, Burton alleges that the Lewis Defendants took over the program formerly operated by Oak Point University, with the same "regulatory, educational, and federal-funding obligations," Second Resp. at 1, and the Court already found that the Oak Point Defendants were not state actors. Order. Burton fails to explain or cite authority supporting the point that Lewis University's participation in a government teach out program—formerly run by Oak Point University—makes it a state actor. While the Court construes Burton's *pro se* filings liberally, even *pro se* litigants must fully develop their arguments; without doing so, Burton has waived it. *See Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (holding that even *pro se* litigants are expected to file legal arguments with supporting authority because "[a] litigant who fails to press a point by supporting it with pertinent authority or by showing why it is sound despite a lack of supporting authority forfeits the point").

Similarly, Burton does not develop the argument that receiving federal funding converts a private university into a state actor. *See* Second Resp. at 1. As the Court previously found, the Supreme Court has expressly provided that a privately operated school's receipt of public funds does not make the school's operations and decisions actions of the state. *Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982).

Accordingly, for the same reasons the Court found that the Oak Point Defendants were not state actors in its Order, so too does the Court find that the Lewis Defendants are not state actors. It therefore lacks subject matter jurisdiction over Burton's claims under 42 U.S.C. §§ 1983, 1985, and 1986. Those claims are dismissed without prejudice. *See Lauderdale-El v. Indiana Parole Bd.*, 35 F.4th 572,

576 (7th Cir. 2022) ("Dismissals for lack of subject-matter jurisdiction are necessarily without prejudice."). The Court will address the Lewis Defendants' request for sanctions later in the order.

## II. 18 U.S.C. § 371 and 18 U.S.C. § 1503

Burton also alleges causes of action for conspiracy under 18 U.S.C. § 371 and obstruction of justice under 18 U.S.C. § 1503. Am. Compl. at 4. The Lewis Defendants correctly argue in their memorandum that "[c]riminal statutes do not provide a private right of action for civil lawsuits," and only a government prosecutor, not a private party, may bring charges under these statutes. Memo. Dismiss at 5 (citing *Lovelace v. Whitney*, 684 F. Supp. 1438, 1441 (N.D. Ill. 1988), aff'd sub nom. *Lovelace v. Hall*, 886 F.2d 332 (7th Cir. 1989); *Lerch v. Boyer*, 929 F. Supp. 319, 322 (N.D. Ind. 1996)). In her first response, Burton concedes that private parties may not pursue criminal charges but rather states that she "seeks referral under 18 U.S.C. §§ 241–242 for criminal investigation, not private prosecution." R. 70, First Resp. at 5 (citing *United States v. Price*, 383 U.S. 787, 794 (1966)). *Price* does not stand for the proposition that a district court (or private party like Burton) may make a criminal referral for prosecution in a case such as this one.

The Lewis Defendants' motion to dismiss Burton's 18 U.S.C. § 371 and 18 U.S.C. § 1503 claims is granted, and those claims are dismissed with prejudice. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015) ("A district court acts within its discretion in . . . dismissing a complaint with prejudice . . . when the plaintiff fails to demonstrate how [an] amendment would cure the deficiencies in the

prior complaint."). Again, the Court will address the Lewis Defendants' request for sanctions later in the order.

## III. Title VII

Burton next alleges a claim for discrimination under Title VII of the Civil Rights Act of 1964. Am. Compl. at 4. Title VII makes it unlawful for any employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2. Importantly, a claim under Title VII may only be brought by an "employee." *See id.*

Among other reasons, the Lewis Defendants contend that Burton's Title VII claim must be dismissed because she is not an "employee" of Lewis University, as generally, students who attend universities are not considered employees of the universities. Memo. Dismiss at 6 (citing, *inter alia*, *Berger v. Nat'l Collegiate Athletic Ass'n,* 843 F.3d 285, 291 (7th Cir. 2016)).

Burton fails to respond to the Lewis Defendants' arguments regarding Title VII in either of her two responses. *See* First Resp.; Second Resp. She accordingly has waived the argument. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."); *see also Candell v. Shiftgig Bullpen Temp. Emp. Agency*, 2019 WL 2173797, at *3 (N.D. Ill. May 20, 2019) (collecting cases holding that *pro se* litigants waive arguments when they fail to respond to them).

Waiver aside, the Court agrees with the Lewis Defendants that nothing in the Amended Complaint alleges that Burton was an employee of Lewis University, and she therefore cannot bring a Title VII claim against the Lewis Defendants. Burton's Title VII claim is dismissed with prejudice. *See Gonzalez-Koeneke*, 791 F.3d at 808.

### IV. Federal Educational Rights and Privacy Act and Higher Education Act of 1965

The Lewis Defendants posit that Burton's FERPA and HEA claims must be dismissed because there is no private right of action under these statutes. Memo. Dismiss at 7 (citing *Gonzaga Univ. v. Doe,* 536 U.S. 273, 273 (2002) ("FERPA does not give rise to a private cause of action"); *Slovinec v. DePaul Univ.,* 332 F.3d 1068, 1069 (7th Cir. 2003) (affirming dismissal of a student's FERPA and HEA against a private university as those statutes do not give rise to a private cause of action)).

Burton concedes in her first response that FERPA and HEA create no private remedies.[8] First Resp. at 5. Burton's FERPA and HEA claims are dismissed with prejudice. *See Gonzalez-Koeneke*, 791 F.3d at 808.

### V. Age Discrimination

Next, the Court examines Burton's Age Discrimination Act claim. The Age Discrimination Act provides that "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to

---

[8]Burton contends that, "[w]hile not privately enforceable, they demonstrate discriminatory intent." First Resp. at 5 (citing *Gonzaga Univ.*, 536 U.S. at 287; *Univ. of Pennsylvania v. EEOC*, 493 U.S. 182, 189 (1990)). Burton does not explain in what way these statutes demonstrate discriminatory intent in support of her other causes of action, and, as the Lewis Defendants accurately point out in reply, neither *Gonzaga Univ.*, 536 U.S. 273, nor *Univ. of Pennsylvania*, 493 U.S. 182 stand for this proposition.

discrimination under, any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102. Before bringing an Age Discrimination Act claim, a plaintiff must first give thirty days' notice by registered mail to the Secretary of Health and Human Services, the Attorney General, the head of the granting agency, and the grant recipient, 42 U.S.C. § 6014(e), and exhaust her administrative remedies under 42 U.S.C. § 6014(f).

The Lewis Defendants attack Burton's Age Discrimination Act claim on two bases: (1) she fails to plead that she has exhausted her administrative remedies and (2) she fails to adequately plead a violation of the Act. Memo. Dismiss at 7.

The Lewis Defendants correctly point out that Burton fails to allege that she provided notice to the Secretary of Health and Human Services, the Attorney General, the head of the granting agency, and the grant recipient in accordance with § 6014(e), nor has she demonstrated compliance with exhausting her administrative remedies under § 6014(f). Memo. Dismiss at 8. Failure to plead exhaustion supports dismissal of an Age Discrimination Act claim. *Id.* (citing *Jackson v. Bd. of Educ.*, 2012 WL 3079259, at *3 (N.D. Ill. 2012)).

Moreover, the Lewis Defendants argue that Livingston, Sindt, and Collins Pienta, as employees of Lewis University, cannot be sued in their individual capacity under the Age Discrimination Act.[9] Memo. Dismiss at 8 (citing *Steshenko v. Gayrard,*

---

[9]The Amended Complaint does not indicate whether Livingston, Sindt, and Collins Pienta are sued in their individual or official capacities. *See* Am. Compl. at 1. To the extent that they are sued in their official capacities, suits against individuals in their "official" capacities are treated as suits against the "entity itself." *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008); *see also Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (explaining that "an official-

44 F. Supp. 3d 941, 952 (N.D. Cal. 2014) (dismissing plaintiff's Age Discrimination Act claims against school employees because they "are not the proper defendants under the ADA.")).

Again, Burton fails to respond to the Lewis Defendants' arguments related to her Age Discrimination Act claim and therefore has waived any response. *See Bonte*, 624 F.3d at 466. But again, waiver aside, the Court agrees with the Lewis Defendants that Burton has failed to plead that she exhausted her Age Discrimination Act claim as required, and that she cannot sustain a claim under the Act against Livingston, Sindt, and Collins Pienta.

As requested by the Lewis Defendants, Burton's Age Discrimination claim is dismissed against Lewis University without prejudice, and against Livingston, Sindt, and Collins Pienta in their individual capacities with prejudice. Reply at 8, 10.

## VI. Title IX

The Court next turns to Burton's Title IX claim. Under Title IX, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). A gender discrimination claim under Title IX may be either "direct" or "indirect." *Jauquet v. Green Bay Area Cath. Educ., Inc.*, 996 F.3d 802, 807 (7th Cir. 2021). "A plaintiff may allege a 'direct' or 'institutional' Title IX violation by pleading facts to show that the school itself discriminated against [the plaintiff] on the basis of their sex." *Id.* To state

capacity suit is, in all respects other than name, to be treated as a suit against the entity"). Burton has already sued Lewis University, the "entity itself," however.

a direct Title IX claim, a plaintiff must allege that "(1) the educational institution received federal funding, (2) plaintiff was excluded from participation in or denied the benefits of an educational program, and (3) the educational institution in question discriminated against plaintiff based on gender." *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 854 (7th Cir. 2019). An indirect claim is based on "student-on-student harassment that is so severe that the harassment functionally excludes a student from school activities on the basis of sex." *Jauquet,* 996 F.3d at 807. "[V]ictims of student-on-student harassment [can] sue their school for damages if the school [was] deliberately indifferent to severe and pervasive harassment of which the school had actual knowledge." *Id.* (citing *Davis Next Friend LaShonda D. v. Monroe County Bd. of Ed.*, 526 U.S. 629, 648 (1999)). Finally, a Title IX private right of action encompasses retaliation claims, where "a funding recipient retaliates against a person because [s]he complains of sex discrimination." *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 174 (2005). Here, reading the Amended Complaint in the light most favorable to Burton, as the Court must, a reasonable inference is that Burton has alleged a claim of direct discrimination against Lewis University, as well as a claim of indirect discrimination based on Pagan's harassment and intimidation against Burton. *See* Am. Compl. at 2, 4.

The Lewis Defendants do not dispute that Lewis University receives federal funding and is subject to Title IX's requirements. Rather, the Lewis Defendants argue that Burton's Title IX claim must be dismissed because she fails to plead that she was deprived of educational opportunities or retaliated against because of her sex.

Memo. Dismiss at 9. Additionally, the Lewis Defendants contend that any Title IX retaliation claim fails because the allegedly retaliatory acts precede the filing of Burton's administrative complaint with the U.S. Department of Education. *Id.* And, even if Burton had alleged discrimination based on her sex, posit the Lewis Defendants, she does not allege that Lewis University was "deliberately indifferent to *known* acts of discrimination or harassment." *Id.* (quoting *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 605 (7th Cir. 2008)).

As with the Age Discrimination Act claim, the Lewis Defendants also assert that Burton cannot sue Livingston, Sindt, and Collins Pienta, as employees of Lewis University, in their individual capacity under Title IX. Memo. Dismiss at 10 (citing *Smith v. Metro. Sch. Dist. Perry Twp.*, 128 F.3d 1014, 1019 (7th Cir. 1997) (dismissing plaintiff's Title IX Act claims against school employees because a "Title IX claim can only be brought against a grant recipient and not an individual.")).

Burton again fails to respond to the Lewis Defendants' arguments for dismissal of her Title IX claim in either of her responses, and accordingly has waived any response. *See Bonte*, 624 F.3d at 466. Yet again, waiver aside, the Court agrees with the Lewis Defendants that the Amended Complaint is devoid of any allegations connecting any acts of alleged discrimination based on Burton's sex, or retaliation based on her complaints of sex discrimination. Similarly, nowhere in the Amended Complaint does Burton allege that Pagan harassed Burton based on her sex, or that Lewis University knew or was deliberately indifferent to any harassment. Accordingly, the Court finds Burton has failed to state either a direct or an indirect

claim under Title IX. As to Burton's claims against Livingston, Sindt, and Collins Pienta, the Court agrees with the Lewis Defendants that such claims cannot be brought against these Defendants in their individual capacities. *See Smith*, 128 F.3d at 1019; *see also Elagha v. Nw. Univ.*, 2025 WL 3062790, at *4 (N.D. Ill. Nov. 3, 2025).

As with the Age Discrimination Act claim, Burton's Title IX direct and indirect discrimination claims against Lewis University are dismissed without prejudice. Her Title IX claims against Livingston, Sindt, and Collins Pienta in their individual capacities with prejudice.

## VII. Title VI

The Court next addresses Burton's Title VI claim. Under Title VI, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C § 2000d. To state a Title VI claim, a plaintiff must allege that: "(1) that [she] has been intentionally discriminated against on the grounds of race; and (2) that defendants are recipients of federal financial assistance." *Beaulieu v. Ashford Univ.*, 529 F. Supp. 3d 834, 850 (N.D. Ill. 2021), *aff'd sub nom. Beaulieu v. Ashford Univ.*, 2022 WL 17076691 (7th Cir. Nov. 18, 2022). Although Title VI does not expressly prohibit retaliation, "its implementing regulations provide that no recipient of federal funding 'shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by [Title VI] . . . because he has made a complaint, testified, assisted, or participated in any manner in an

investigation, proceeding or hearing under [Title VI].'" *Nevarez v. Cmty. Unit Sch. Dist. No. 300*, 2011 WL 1113406, at *2 (N.D. Ill. Mar. 24, 2011) (quoting 34 C.F.R. § 100.7(e)).

Similarly to their arguments as to Burton's Title IX claim, the Lewis Defendants again contend that Burton's Title VI claim must be dismissed because the Amended Complaint fails to allege an essential element of discrimination or retaliation claims under Title VI: that the Lewis Defendants discriminated against her because of her race or retaliated against her for filing a complaint or engaging in other protected activity related to race discrimination. Memo. Dismiss at 10–11. The Lewis Defendants also again attack Burton's retaliation claim because, according to the Lewis Defendants, Burton's alleged timeline of events undermines her retaliation claim. *Id.* at 11.

Moreover, the Lewis Defendants again take the position that Livingston, Sindt, and Collins Pienta cannot be sued in their individual capacities under Title VI. Memo. Dismiss at 11 (citing *Patterson v. Mclean Cnty. Sheriff's Dep't,* 2021 WL 2403436, at *9 (C.D. Ill. June 11, 2021)).

Yet again, Burton fails to respond, in either of her responses, to the Lewis Defendants' arguments for dismissal of her Title VI claim, and therefore has again waived any response. *See Bonte*, 624 F.3d at 466. But waiver aside, the Court nonetheless agrees with the Lewis Defendants that Burton has failed to allege any discrimination based on her race or retaliation based on complaints or other protected activity related to race discrimination. Her Title VI claim therefore fails. And, the

Lewis Defendants are correct that Burton cannot sustain individual claims against Livingston, Sindt, and Collins Pienta.

Therefore, Burton's Title VI claim against Lewis University is dismissed without prejudice, as requested by the Lewis Defendants, and her Title VI claim against Livingston, Sindt, and Collins Pienta is dismissed with prejudice.

## VIII. Americans with Disabilities Act and Rehabilitation Act

Lastly, the Court addresses Burton's claims under the ADA and Rehabilitation Act. Burton alleges that the Lewis Defendants "failed to provide reasonable accommodations for [Burton's] disabilities, violating the ADA"; "discriminated against [Burton] based on her disability in a federally funded program, violating Section 504 of the Rehabilitation Act"; and, after Burton reported the alleged battery by Ngonmeudje and requested accommodations, the Lewis Defendants retaliated against her by "[f]ailing to investigate her complaints," "[d]enying her disability accommodations," and "[c]reating a hostile learning environment." Am. Compl. at 3.

Title III of the ADA prohibits the private operator of a public accommodation (like a private university) from discriminating against an individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . ." 42 U.S.C. § 12182(a). It further construes the prohibited conduct to include a failure to make reasonable accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii). Similarly, the Rehabilitation Act prohibits discrimination solely on the basis of disability in any

program that receives federal funds, which includes most universities. *See* 29 U.S.C. § 794(a).

The Lewis Defendants advance three reasons for dismissal of Burton's ADA and Rehabilitation Act claims. First, Burton lacks standing to pursue claims under the Rehabilitation Act and ADA because she cannot demonstrate an imminent threat of future harm. Memo. Dismiss at 12. Second, she does not provide "fair notice" of her disability. *Id.* at 11–12. And third, she does not establish a causal connection between the alleged denial of access to examinations and her disability. *Id.* at 12.

The Court starts with the Lewis Defendants' standing argument. Standing is a threshold requirement for a federal court's subject matter jurisdiction because of the Constitutional requirement that federal courts only may decide cases and controversies. *See Bazile v. Fin. System of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020). The elements of Article III standing are well established: "the plaintiff must show (1) injury in fact, which must be concrete and particularized, and actual and imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) redressability." *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013). At the pleading stage, "a plaintiff may demonstrate standing by clearly pleading allegations that plausibly suggest each element of standing when all reasonable inferences are drawn in the plaintiff's favor." *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 285 (7th Cir. 2020).

The Lewis Defendants are correct that Title III of the ADA authorizes only prospective injunctive relief; money damages are not available to private parties. *See*

*Scherr*, 703 F.3d at 1074; *see also Czesak v. Kashyap*, 2025 WL 1104976, at *7 (C.D. Ill. Apr. 14, 2025), *aff'd as modified,* 2026 WL 1747142 (7th Cir. June 17, 2026). A plaintiff "lacks standing for injunctive relief where he alleges only a past injury and where there is no threat that the challenged future conduct will in fact recur and harm him." *Thompson v. Ortiz*, 619 F. App'x 542, 544 (7th Cir. 2015). In the context of Title III of the ADA, a plaintiff "must assert an intent to return to the particular place (or places) where the violations are alleged to be occurring." *Scherr*, 703 F.3d at 1075. Again, Burton fails to respond to this argument in either of her responses, and again has waived the response. *See Bonte*, 624 F.3d at 466.

Waiver aside, here, as the Lewis Defendants point out, Burton alleges that she is no longer a student at Lewis University. Am. Compl. at 1 ("Burton [is] a former student at Lewis University."). And nothing else in the Amended Complaint indicates that she plans to return to Lewis University. Therefore, the Court agrees with the Lewis Defendants that Burton lacks standing to pursue an injunction under Title III of the ADA. *See Scherr*, 703 F.3d at 1074; *see also DeJong v. Pembrook*, 662 F. Supp. 3d 896, 907 (S.D. Ill. 2023) (plaintiff "lacks standing to challenge [the university's] policies . . . because she is a former student, and a favorable decision regarding these policies would not remedy her alleged injuries"). The Court need not address the Lewis Defendants' alternative arguments for dismissal of Burton's ADA claims. Burton's ADA claims are dismissed without prejudice for want of subject matter jurisdiction. *See MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935

F.3d 573, 581 (7th Cir. 2019) (dismissal for failure to establish Article III standing must be without prejudice).

The Lewis Defendants also maintain that Burton's Rehabilitation Act claims must be dismissed for lack of standing. Memo. Dismiss at 12. However, the only case they cite in support of that argument, *Scherr*, addresses ADA claims only. 703 F.3d at 1074. And while Burton does not address this argument in response, "[w]hen a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). The Rehabilitation Act "authorizes private citizens to bring actions for money damages." *Ruffin v. Rockford Mem'l Hosp.*, 181 F. App'x 582, 585 n.3 (7th Cir. 2006) (citing *Tennessee v. Lane,* 541 U.S. 509, 517 (2004)). The Court therefore turns to the Lewis Defendants' arguments for dismissal for failure to state a claim under the Rehabilitation Act. Construing the allegations in the light most favorable to Burton, the Court reads the Amended Complaint to bring claims under the Rehabilitation Act for (1) discrimination based on her disabilities; (2) failure to accommodate her disabilities; and (3) retaliation for reporting an alleged battery that exacerbated a disability and requesting accommodations.[10]

[10]Although Burton alleges that her failure to accommodate claim arises under the ADA, Am. Compl. at 3, given the overlap between the two statutes, as acknowledged by the Lewis Defendants in their memorandum, Memo. Dismiss at 11, it is a reasonable inference—and sufficient to put the Lewis Defendants on notice—that Burton pleads a failure to accommodate claim (and a retaliation claim) under both statutes. *See Hefferman v. Bass*, 467 F.3d 596, 600 (7th Cir. 2006) ("In federal court under Rule 8, the rules are simple: Notice is what counts. Not facts; not elements of 'causes of action'; not legal theories.").

To state a claim for discrimination under the Rehabilitation Act, a plaintiff must allege that: (1) she is a handicapped individual as defined by the Act; (2) she is otherwise qualified for participation in the program; (3) the program must receive federal financial assistance; and (4) she must have been "denied the benefits of the program solely because of [her] handicap." *Royan v. Chicago State Univ.*, 145 F.4th 681, 689 (7th Cir. 2025). Generally, ADA and Rehabilitation Act claims are functionally equivalent, so the same legal standards apply. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). However, unlike the ADA, "the Rehabilitation Act prohibits discrimination only if it is 'solely by reason of' a person's disability." *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 484 (7th Cir. 2019). As to a failure to accommodate claim, "[t]he Rehabilitation Act does not contain a general accommodation requirement, but 'the Supreme Court has located a duty to accommodate in the statute generally.'" *Zimny v. Geneva Cmty. Unit Sch. Dist. 304*, 718 F. Supp. 3d 766, 784 (N.D. Ill. 2024) (quoting *Wisconsin Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 747 (7th Cir. 2006)). To state a claim for a failure to accommodate under the Rehabilitation Act, a plaintiff must allege that "(1) [s]he is a qualified individual with a disability, (2) the [defendant] was aware of [her] disability, and (3) the [defendant] failed to reasonably accommodate [her] disability." *Thomas v. Cnty. of Cook*, 2022 WL 873136, at *3 (N.D. Ill. Mar. 24, 2022) (citing, *inter alia*, *Gratzl v. Off. of the Chief Judges of the 12th, 18th, 19th, & 22nd Jud. Cirs.*, 601 F.3d 674, 678 & n.2 (7th Cir. 2010) (analyzing Rehabilitation Act failure to accommodate claim by reference to the ADA's standards)); *see also Klene v. Trs. of Indiana Univ.*,

413 F. App'x 919, 920 (7th Cir. 2011). And to allege a retaliation claim under the Rehabilitation Act, a plaintiff must allege that she "engaged in protected activity, that [she] suffered an adverse action, and that there is a causal connection between the two." *Noll v. Bd. of Regents of Univ. of Wisconsin Sys.*, 2021 WL 5177422, at *12 (W.D. Wis. Nov. 8, 2021), *aff'd,* 2022 WL 2113081 (7th Cir. June 13, 2022) (quoting *Rowlands v. United Parcel Serv. - Fort Wayne*, 901 F.3d 792, 801 (7th Cir. 2018)). "The retaliation must be 'a but-for' cause of the adverse action." *Id.* (citing *Serwatka v. Rockwell Automation, Inc.*, 591 F.3d 957, 963 (7th Cir. 2010)).

As stated above, the Lewis Defendants argue that Burton fails to allege her disability in the Amended Complaint, and therefore her Rehabilitation Act claim must be dismissed. Memo. Dismiss at 11–12 (citing *Tate v. SCR Med. Transp.,* 809 F.3d 343, 345 (7th Cir. 2015)). In her second response, Burton provides additional information about her disability, including that she provided documentation to Lewis University's Access and Disability Services about her "visual disability substantially limiting reading, screen use, and exam performance; [ ] hand injury inhibiting writing and typing endurance; [and o]ther chronic conditions requiring adaptive testing procedures." In order to move this case along, the Court exercises its discretion to consider the additional allegations included in Burton's second response. *See Schmees*, 77 F.4th at 489; *Gutierrez*, 111 F.3d at 1367. The Court therefore finds that the Lewis Defendants have "fair notice" of Burton's disability.[11]

[11]The Court also notes that Burton had raised her impaired vision in other filings before the Lewis Defendants filed their motion to dismiss. *See, e.g.*, R. 60, Mot. Atty. Recruitment (Burton suffers from a vision impairment).

The Lewis Defendants next contend that Burton fails to establish a causal connection between the alleged denial of access to examinations and Burton's disability. Memo. Dismiss at 12; Reply at 9. Burton retorts that the Lewis Defendants denied her "all access to required exams and blocked use of approved accommodations." Second Resp. at 3. The Court agrees that the Amended Complaint (and even the additional allegations contained in her second response, Second Resp. at 8) fail to allege that Burton's disabilities were the "sole" reason for the exam denials on June 28, 2024 and July 2, 2024. Accordingly, Burton cannot proceed on a discrimination claim under the Rehabilitation Act based on those exam denials. As noted above, however, the Court reads the Amended Complaint to also allege a failure to accommodate Burton's disabilities, as well as retaliation for reporting an alleged battery that exacerbated her disability and for requesting accommodations.

The Lewis Defendants argue that Burton's ADA claim for failure to accommodate (which arguments also apply to a failure to accommodate claim under the Rehabilitation Act) must be dismissed because she fails to plead a disability under the ADA and because it fails to plead facts specifying the nature of the requested accommodation. Memo. Dismiss at 13.

Specifically, the Lewis Defendants contend that Burton's alleged hand injury does not qualify as a disability under the ADA. *Id.* (citing *Hopkins v. Godfather's Pizza, Inc.*, 141 F. App'x 473, 476 (7th Cir. 2005)). The court in *Hopkins* found that the plaintiff's hand injury, which had "healed sufficiently for him to return to work within a month, its impact was neither permanent nor long-term" as required for a

disability under the ADA. 141 F. App'x at 476. Here, Burton alleges that the alleged battery injured her hand, which "exacerbat[ed] her pre-existing condition." Am. Compl. She further asserts in her second response that she notified Lewis University about her hand injury that "inhibit[ed] writing and typing endurance." Second Resp. at 8. Moreover, as previously stated, Burton's second response also included allegations about her visual disability, which she alleged "substantially limit[ed] reading, screen use, and exam performance." *Id.* The Court finds these alleged disabilities to be distinguishable from the hand injury that healed within one month at issue in *Hopkins*. The Court therefore finds that Burton sufficiently alleges a disability under the Rehabilitation Act, at this stage.

The Lewis Defendants also maintain that Burton fails to adequately allege the nature of the requested accommodation. Memo. Dismiss at 14 (citing *Oconomowoc Residential Programs v. City of Milwaukee*, 300 F.3d 775, 784 (7th Cir. 2002)). As an initial matter, *Oconomowoc Residential Program* was decided on summary judgment, and therefore is of limited value to the Court's analysis, as Burton need not provide evidence supporting her claims at the motion to dismiss stage. The Court finds, at this stage, that Burton's allegations, included in her second response, that Lewis University failed to implement the following accommodations: "[e]xtended time," "[q]uiet or private testing room," "[a]ssistive technology," "[l]arge-print or enlarged digital exam materials," "[b]reaks as needed," and "[m]odified scheduling," Second Resp. at 8, are sufficient to allege that Lewis University "failed to accommodate [her]

disability reasonably," *Fritsche v. Dep't of the Army*, 2022 WL 3226206, at *1–2 (W.D. Wis. Aug. 10, 2022).

Finally, the Lewis Defendants do not request dismissal of Burton's retaliation claim alleging that the Lewis Defendants retaliated against Burton for reporting the alleged battery and requesting accommodations (the result of which, alleges Burton, was that the Lewis Defendants "[f]ail[ed] to investigate her complaints," "[d]en[ied] her disability accommodations," and "[c]reat[ed] a hostile learning environment"). Accordingly, the Court will allow Burton to proceed on her failure to accommodate and retaliation claims under the Rehabilitation Act against Lewis University for now. She may not proceed with those claims, however, against Livingston, Sindt, and Collins Pienta for the reasons discussed below.

The Lewis Defendants again correctly point out that Livingston, Sindt, and Collins Pienta cannot be sued in their individual capacity under the Rehabilitation Act. Memo. Dismiss at 13 (citing *Jaros v. Illinois Dep't of Corr.,* 684 F.3d 667, 670 (7th Cir. 2012)). Accordingly, the Court dismisses Burton's Rehabilitation Act claims against Livingston, Sindt, and Collins Pienta with prejudice.

## IX. Rule 11 Request for Sanctions

The Lewis Defendants request that the Court impose sanctions pursuant to Rule 11, including the payment of attorneys' fees for the preparation of the motion to

dismiss, based on the inclusion of the Section 1983, 1985, and 1986 claims and criminal claims. Memo. to Dismiss at 5–6.

In their memorandum, the Lewis Defendants state that, on September 26, 2025, counsel for the Lewis Defendants sent Burton a letter pursuant to Federal Rule of Civil Procedure 11, outlining the legal deficiencies in the Amended Complaint. R. 69, Memo. Dismiss at 3. Specifically, counsel for the Lewis Defendants stated in the letter that the Amended Complaint's claims under Sections 1983, 1985, and 1986 were previously dismissed by the Court and the Court had ordered Burton not to replead those claims. *Id.* Additionally, the letter advised Burton that the Amended Complaint improperly asserts claims based on two criminal statutes, (1) 18 U.S.C. § 371, Conspiracy and (2) 18 U.S.C. § 1503, Obstruction of Justice, which do not provide a private right of action for civil lawsuits. *Id.* The Lewis Defendants state in their memorandum that Burton refused to dismiss these claims. *Id.*

Burton does not respond to the Lewis Defendants' request for sanctions in either of her two responses, nor did she respond separately by the deadline set by the Court. *See* R. 77.

While Rule 11 plainly states that the moving party must serve a *motion* on its opposition, in this Circuit, "a *letter* informing the opposing party of the intent to seek sanctions and the basis for the imposition of sanctions . . . is sufficient for Rule 11 purposes" so long as it substantially complies with the rule. *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.*, 649 F.3d 539, 552–53 (7th Cir. 2011) (emphasis added)

The Lewis Defendants did not attach the Rule 11 safe harbor letter to their motion. Without the letter, the Court is unable to determine whether the letter substantially complied with Rule 11. The request for sanctions is therefore denied without prejudice.

**Conclusion**

For the reasons discussed above, the motion to dismiss [68] is granted in part and denied in part. It is granted as to all claims except for the failure to accommodate claim and retaliation claim under the Rehabilitation Act against Lewis University. The Lewis Defendants' request for sanctions under Rule 11 is denied without prejudice. Defendants David Livingston, Christian Sindt, and Norah Collins Pienta are terminated as parties to this action. The Court directs Burton and Lewis University to file a joint initial status report, using the Court's template, on or before September 16, 2026.

DATED: September 2, 2026

United States District Judge
Franklin U. Valderrama